IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Tibbs, Jr., )<br>                                 )<br>                    Petitioner, )<br>                                 )<br>vs.                              )<br>                                 )<br>Arizona Department of Corrections, et al.,)<br>                                 )<br>                    Respondents. )<br>_____) | No. CIV 04-2140-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, U.S. DISTRICT JUDGE:

Robert Lee Tibbs has filed an amended petition for writ of habeas corpus, challenging his conviction in Pinal County Superior Court for sexual conduct with a minor, and the court's imposition of an aggravated prison term of 25 years. Respondents contend that Tibbs' petition is untimely, and that he is not entitled to either statutory or equitable tolling. The Court agrees and recommends that Tibbs' amended petition be denied and dismissed with prejudice.

Following a guilty plea and sentencing held on March 31, 1998, Tibbs filed a pro se petition for post-conviction relief on April 12, 2002 (Doc. #16, Exh B). Counsel filed an amended petition on January 31, 2003, which was denied on April 18, 2003 (*Id*., Exh C, D). The trial court granted Tibbs' request for an extension of time, allowing Tibbs until July 22, 2003 to file a petition for review (*Id*., Exh E, F). Tibbs never filed a petition for review.

On July 7, 2004, Tibbs signed his federal petition; on October 8, 2004, it was filed in this Court; the Court dismissed the petition with leave to amend (Doc. #1, 3). On December 6, 2004, Tibbs requested a continuance of 14 days to file his amended petition (Doc. #6). On January 12, 2005, the Court granted Tibbs' motion, and accepted the lodged amended petition (Doc. #8).

Tibbs was required to file his federal petition within one year of the date the judgment of conviction became final in state court. *See* 28 U.S.C. § 2244(d)(1). In Arizona, a defendant's conviction becomes final when he pleads guilty. See A.R.S. § 13-4033; Rule 17.1(e), Ariz. R. Crim. P. Therefore, Tibbs' conviction became final on March 31, 1998, the date of his guilty plea, and he was required to file his federal petition by March 31, 1999.[1] Respondents argue that his petition, filed on October 8, 2004, *five and one half years* after his judgment became final, is therefore untimely.

Tibbs acknowledges that his petition was untimely filed, but contends that several factors beyond his control were responsible for the delay. Essentially, he argues that at the front end of the delay, trial counsel "ineffectively advised him" on the requirements of Rule 32, and at the back end, his inmate legal counsel provided him with inaccurate addresses for the federal courthouse. In his Reply, filed August 25, 2005, Tibbs contends that he sent several letters to trial counsel requesting his assistance in filing his Rule 32 petition, with no response. Tibbs further contends that he finally had to contact the State Bar of Arizona, "and was then advised on how to properly file the petition" (Doc. #24 at 3). Shortly thereafter,

---

[1] In addition, the time during which his post-conviction petition was pending in state court, which typically tolls the limitations period, does not apply in this case because Tibbs filed the petition after the 1-year deadline had passed. At that point, "there is no period remaining to be tolled," and any filing in state court cannot restart the federal time limit, because "the statute does not provide for reinitiating." *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). However, even assuming the 466 days could be excluded from any period of limitations, the petition is still untimely.

Tibbs contends that he received a response from trial counsel, "acknowledging his ineffectiveness" (*Id*.).

He has attached to his Reply a March 31, 1998 letter sent to trial counsel in which Tibbs states:

> *I understand that you are not obliged to me in any way now that my case is finished,* but if at all possible can you enter a "post-conviction relief" for me? I'm not exactly shure (sic) what it means or even if it pertains to me, *but it says 90 days from my conviction date in order to appeal.* And I want to appeal....

(*Id*., Exh 1) (emphasis added).

This was followed by a May 29, 1998 letter sent to the same trial counsel again asking how his "Post-Conviction Relief is coming along" (*Id*., Exh 2). Both letters are stamped, having been received by the Pinal County Public Defender's Office. *Three years* then passed, and Tibbs wrote a letter to the State Bar of Arizona on April 20, 2001, apparently inquiring as to any recourse he might have against his trial counsel. State Bar Counsel responded on May 3, 2001, explaining as follows:

> Complaints such as yours can best be dealt with in post-trial proceedings. If there is a judicial determination that the attorney acted inappropriately, please advise us in writing and we will review the matter at that time.
>
> We brought this matter to the attention of the above-named attorney and asked the attorney to contact you as soon as possible. If the attorney fails to contact you within 15 days of the date of this letter, please advise us in writing.

(*Id*., Exh 3).

Former trial counsel also responded to Tibbs on May 16, 2001, explaining that "[b]ecause we had this matter as a close[d] case, your correspondence was not being channeled to me in all instances. The letter from the State Bar got our attention" (*Id*., Exh 4). Counsel then enclosed two blank petitions, and explained the procedure for filing a Rule 32 petition, including the requirement that the "Rule 32 petition must be initiated by the defendant (signed and filed) with a later appointment of an attorney to assist the defendant" (*Id*.). He then states as follows:

> Because of the confusion as to whom was supposed to have filed the petition with the result that no petition was filed within the 90-day period of time for such petitions, it is very important that you state in the petition that it was your understanding that your prior counsel (me) was supposed to be filing the Rule 32 petition on your behalf and that you did not find out until recently (or much later after the 90 days) that no petition was filed on a timely basis on your behalf. If necessary, you may want to claim ineffective assistance of counsel as to the filing of the petition on a timely basis.

(*Id.*).

Tibbs filled out one of the blank petitions, and signed it on June 24, 2001, but did not file it until April 12, 2002, *almost 10 months later*.

Finally, he contends that he filed his federal petition "within one year of exhaustion of all state remedies" by filing it on July 7, 2004. He explains why the Court did not receive it until October 8, 2004:

> Unfortunately, Augusta Correctional Center's Institutional Attorney sent Petitioner the old Arizona Law Digest, which contains addresses (See Exhibit 10). Immediately after receiving the writ of habeas corpus "Return to Sender" Petitioner mailed it via legal mail to the deputy clerk's office. (See Exhibit 11). Unfortunately, it also was the wrong address and also returned "Return to Sender." Through Augusta Correctional Center's Institutional Attorney, Petitioner requested the correct address, (See Exhibit 12) the Institutional Attorney finally gave Petitioner the correct address. (See Exhibit 13). The petition for writ of habeas corpus was mailed for the third time on October 1, 2004. (See Exhibit 14).

(*Id.* at 5).

Equitable tolling is granted sparingly, and is not available in most cases. It may be applied only when extraordinary circumstances beyond Tibbs' control, other than his lack of diligence, made it impossible for him to timely file. *See Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). Tibbs has the burden to establish that equitable tolling is appropriate. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Court finds, after a thorough review of the state court record, that this is not an appropriate case for equitable tolling. First, Tibbs acknowledges in his first letter to trial counsel in March, 1998, that counsel has no further obligation to him, and that Tibbs has a 90-day deadline to file his Rule

- 4 -

32 petition.[2] Knowing this, he fails to explain why he then waited three years to make further inquires about his case. Second, the record shows that trial counsel advised him of the Rule 32 requirements in May, 2001, and provided him with a blank petition. He apparently filled out the form, signed it and had his signature notarized in June, 2001, but it was not filed until April, 2002, ten months later. Tibbs also does not explain this delay. Third, even applying the prisoner mailbox rule, and considering his petition as having been delivered to prison authorities on July 7, 2004, the date it was signed, and therefore the date it was deemed filed, *see Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), that only gives him three months' grace period, and it occurs long past the one-year limitations period.

**IT IS THEREFORE RECOMMENDED** that Robert Lee Tibbs' petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1, 8).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to

---

[2] Had Tibbs filed any pleading which could be construed by the trial court as a Notice of Post-Conviction Relief, it could have tolled the limitations period, even though his petition was not filed until later. *See Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004).

- 5 -

1 appellate review of the findings of fact in an order or judgment entered pursuant to the
2 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.
3     DATED this 12th day of September, 2005.

_____
David K. Duncan
United States Magistrate Judge

- 6 -